**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Morgan Stanley Smith Barney LLC,<br><br>Petitioner,<br><br>vs.<br><br>Mark E. Stuart d/b/a Stuart Investments,<br><br>Respondent. | No. CV-11-1183-PHX-DGC<br><br>**ORDER** |

On June 2, 2011, Petitioner filed in state court a petition for an order to show cause for Respondent's failure to comply with an arbitration subpoena. Doc. 1-1 at 5-12. Because the underlying arbitration is scheduled to begin on June 20, 2011, an expedited hearing on the petition was held June 14, 2011. *See id.* at 21. The next day, before the hearing could be completed, Respondent removed the action to this Court asserting federal question jurisdiction. Doc. 1.

Petitioner has filed an emergency motion for remand on the ground that the Court is without subject matter jurisdiction. Doc. 5. In response, Respondent filed a notice of withdrawal of his notice of removal and a notice of settlement. Doc. 8. Respondent states that the parties have settled this matter, including attorneys' fees and costs, and have agreed to the dismissal of the state court action.

Respondent does not state whether he concedes that federal jurisdiction does not exist in this case. Regardless, "the rule [is] that the existence or non-existence of subject matter jurisdiction in a given case does not hinge on the representations of parties to the

case." *Weese v. Union Carbide Corp.*, No. 07-581-GPM, 2007 WL 290814, at *3 (S.D. Ill. Oct. 3, 2007). A federal court "'has an independent duty to satisfy itself that it has subject-matter jurisdiction.'" *Id.* (citation omitted).

The Court has federal question jurisdiction over cases "arising under" federal law. 28 U.S.C. § 1331. The subpoena Petitioner seeks to enforce was issued by the arbitrator, not this Court. The petition seeks enforcement of the subpoena pursuant to Arizona law, that is, A.R.S. § 12-1507(A). In short, this case arises not under federal law, but state law. The Court therefore is without subject matter jurisdiction under 28 U.S.C. § 1331. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983) (federal question jurisdiction exists only where the "complaint establishes that the case 'arises under' federal law"); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 821 (9th Cir. 1985) ("The federal question 'must be disclosed upon the face of the complaint unaided by the answer or petition for removal.'") (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936)). The Court will grant the motion for remand (Doc. 5) and deem moot the notice of withdrawal (Doc. 8). *See Weese*, 2007 WL 290814, at *3.

**IT IS ORDERED:**

1. Petitioner's emergency motion for remand (Doc. 5) is **granted**.
2. The Clerk is directed to **remand** this matter to state court.

Dated this 17th day of June, 2011.

_____
David G. Campbell
United States District Judge

- 2 -